UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.V. through his guardian *ad litem*, ANABEL FRANCO; B.K. through his guardian *ad litem*, CYNTHIA BROWN; and all other students similarly situated,<br><br>　　　　　　Plaintiffs,<br>　vs.<br>POMONA UNIFIED SCHOOL DISTRICT; POMONA SPECIAL EDUCATION LOCAL PLANNING AREA; ANA PETRO, CHRISTINE GOENS, KAMERON SHIELDS, BEATRIZ KRIVAN, JENNIFER YALES, SELENE AMANCIO, BRIAN EL MAHMOUD, DANIELLA SOTO, MARY GARCIA, CINDY GREEN, ELAINE MARKOFSKI, SUPERINTENDENT RICHARD MARTINEZ in his Official Capacity only, DOLORES MURILLO, and DOES 1-10,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-007895 JAK (MRWx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL**<br><br>**JS-6** |

Plaintiff J.V., a minor by and through his guardian *ad litem*, Anabel Franco; and Plaintiff B.K., a minor by and through his guardian *ad litem*, Cynthia Brown; Defendants Pomona Unified School District ("District"), Pomona Special Education Local Planning Area ("SELPA"), Cristine Goens, Kameron Shields, Beatriz Krivan, Jennifer Yales, Selene Amancio, Brian El Mahmoud, Daniella Soto, Mary Garcia, Cindy Green, Elaine Markofski, Dolores Murillo, and Superintendent Richard Martinez (collectively, "District Defendants"); and Defendant Ana Petro ("Defendant Petro") entered into a Settlement Agreement dated May 11, 2017 (the "Agreement"), which has been approved by the Court. Based on the Agreement, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. This Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(e), and due process, the Court hereby finally approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just and reasonable and adequate to the Injunctive Relief Class and Damages Settlement Class.

3. The Court further finds that the settlement consideration is fair, just and reasonable and adequate with respect to the Individual Claims.

4. The Court hereby awards an Attorneys' Fee Award to Settlement Class Counsel in the amount of $1,650,000.00. This amount shall be paid and distributed in accordance with the provisions of the Agreement and the direction of counsel for Plaintiffs.

5. The Court hereby authorizes payment of Plaintiffs' Individual Claims as set forth in Section III of the Agreement.

6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Damages Settlement Class, the Court hereby

dismisses with prejudice and without costs (except as otherwise provided in the Agreement) the Litigation against District Defendants and Defendant Petro. As to those persons who have validly and timely requested exclusion from the Damages Settlement Class, the Court dismisses the Litigation without prejudice.

7. Plaintiffs as class representatives and each member of the Injunctive Relief Class and the Damages Settlement Class (except a member of the Damages Settlement Class who has obtained proper and timely exclusion from the settlement), and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest, assigns, and any other persons acting for or on behalf of Plaintiffs or an Injunctive Relief Class Member and/or a Damages Settlement Class Member, will be deemed to have fully released and forever discharged the District Defendants and Defendant Petro and their respective agents, employees, representatives, successors, and assigns from the Claims as alleged in the Litigation related to violations of the Americans With Disabilities Act, Section 504 of the Rehabilitation Act, and the Unruh Act ("Class Released Claims").

Without limiting the foregoing, the Class Released Claims specifically extend to claims that an Injunctive Relief Class Member and/or a Damages Settlement Class Member does not know or suspect to exist as to the Class Released Claims in their favor at the time that the settlement, and the releases contained therein, become effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOW BY HIM OR HER MUST HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.

Plaintiffs as class representatives and each Injunctive Relief Class Member and Damages Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Injunctive Relief Class Member and Damages Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Class Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. This release does not apply to claims for breach of the Agreement.

8. Plaintiffs in their individual capacities and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest, assigns, and any other persons acting for or on behalf of Plaintiffs will be deemed to have fully released and forever discharged the Released Parties from the Released Claims. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs do not know or suspect to exist in their favor at the time that the settlement, and the releases contained therein, become effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

1  Plaintiffs understand and acknowledge the significance of these waivers of California
2  Civil Code Section 1542 and/or of any other applicable law relating to limitations on
3  releases. In connection with such waivers and relinquishment, Plaintiffs acknowledge
4  that they are aware that they may hereafter discover facts in addition to, or different
5  from, those facts which they now know or believe to be true with respect to the
6  subject matter of the settlement, but that it is their intention to release fully, finally
7  and forever all Released Claims, and in furtherance of such intention, the release of
8  the Released Claims will be and remain in effect notwithstanding the discovery or
9  existence of any such additional or different facts. This release does not apply to
10 claims for breach of the Agreement.

11      9.     The Direct Mail Notice provided to Damages Settlement Class Members
12 was the best notice practicable under the circumstances of the proceedings, and the
13 Class Notice satisfied federal and state laws as well as due process requirements.

14      10.    All Released Claims, as described in this Judgment or in the Agreement,
15 currently being asserted by or on behalf of any Injunctive Relief Class Member
16 and/or Damages Settlement Class Member in any forum are hereby permanently
17 enjoined, except as may be necessary to implement the settlement or comply with the
18 terms of the Agreement. Neither Plaintiffs nor any Injunctive Relief Class Member
19 and/or Damages Settlement Class Member, either directly, representatively or in any
20 other capacity, nor any person or entity allegedly acting on behalf of Injunctive Relief
21 Class Member and/or Damages Settlement Class Members, shall commence or
22 prosecute against District Defendants or Defendant Petro, or against any of the other
23 Released Parties, any action or proceeding in any court or tribunal asserting any of
24 the Released Claims as described in the Agreement, provided, however, that this
25 injunction shall not apply to individual claims of any Damages Settlement Class
26 Members who timely excluded themselves from the Settlement. This injunction is
27 necessary to protect and effectuate the settlement, this Judgment and Order, and the
28 Court's flexibility and authority to effectuate this settlement and to preserve

Judgment and is ordered in aid of the Court's jurisdiction and to protect its judgments.

11. The Stipulated Injunction provided in the Agreement shall be in force and effect for three years.

12. The Court hereby dismisses, on the merits and with prejudice, the Litigation, including all the Released Claims.

13. Without affecting the finality of this Judgment and Order, this Court retains continuing and exclusive jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Judgment, the Stipulated Injunction, the Agreement and the settlement.

IT IS SO ORDERED.

Dated: March 20, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE